In the Matter of RICHARD WELLING, Petitioner, against HARRY W. MARSH, President of the Municipal Civil Service Commission of the City of New York et al., Respondents.

PHILIP A. HINES, Intervener, Respondent.

Supreme Court, Special Term, New York County, March 17, 1943.

*H. Eliot Kaplan* for petitioner.

*Thomas D. Thacher, Corporation Counsel (Jeremiah M. Evarts* of counsel), for respondents.

*Robert J. Eager* for intervener, respondent.

*H. H. Nordlinger* and *J. M. Dinnes* for Citizens Budget Commission, *amicus curiæ.*

MILLER, J.   On November 5, 1942, the intervener, respondent, received a provisional appointment to the position of Clerk, Grade I, in the Department of Hospitals.   This appointment was not approved by the Municipal Civil Service Commission until December 14, 1942, nor had the Commission prior to that date approved the qualifications of the intervener, respondent. The petitioner, a citizen and resident of this city, seeks an order directing the Municipal Civil Service Commission to correct its official records so as to indicate that the intervener, respondent served as a clerk in the Department of Hospitals only for the period from December 14, 1942, to December 16, 1942, the date of his resignation.

The respondents seek to justify the appointment of the intervener, respondent, on November 5, 1942, under the provisions of subdivision 1 of section 15 of the Civil Service Law and subdivision 6 of section IX of rule V of the Rules of the Municipal Civil Service Commission of the City of New York.   Subdivision 1 of section 15 of the Civil Service Law provides that: " Whenever there are urgent reasons for filling a vacancy in the competitive class and there is no list of persons eligible for appointment after competitive examination, the appointing officer may

nominate a person to the state or municipal commission for non-competitive examination, and if such nominee shall be certified by such commission as qualified after such non-competitive examination, he may be appointed provisionally to fill such vacancy * * *."

The rule of the Civil Service Commission previously referred to provides that: " (a) Whenever there are urgent reasons for filling a vacancy in the Competitive Class and there is no list of persons eligible for appointment after Competitive examination, the appointing officer may nominate a person to the Commission for non-competitive examination, and if such nominee shall be certified by the Commission as qualified after such non-competitive examination, he may be appointed provisionally to fill such vacancy * * *."

Both the statute and the rule clearly require that the certification by the Commission that the nominee is qualified shall precede the provisional appointment of the nominee.

The Commission claims that it has been its practice to give retroactive approval to provisional appointments made prior to certification by the Commission of the qualifications of the provisional appointees. Although it is well settled that practical construction by an administrative body is entitled to great weight in a doubtful case, it is equally well established that such practical construction may not override and nullify the clear and unambiguous provisions of a statute. No valid provisional appointment of the intervener, respondent, could be made under subdivision 1 of section 15 of the Civil Service Law until his qualifications had been certified as satisfactory by the Municipal Civil Service Commission. (See *Matter of Welling* v. *Fullen,* 164 Misc. 456, affd. 252 App. Div. 856.)

The rules of the Municipal Civil Service Commission do contain a provision for retroactive approval of an appointment theretofore made without certification or examination by the Commission. (N. Y. City Mun. Civ. Serv. Comm. Rules, rule V, § IX, subd. 7.) The respondents, however, do not seek to justify their action under said provision. The provision in question applies only to a vacancy of an emergency character. Furthermore, it authorizes only an appointment for a period of fifteen days with a single renewal of fifteen days on approval thereof by the Commission. Even if the vacancy to which the intervener, respondent was appointed was of an emergency character, his period of valid service would have expired prior to

December 14, 1942, when the Commission for the first time approved his qualifications.

The motion is granted. Settle order.

(Decision on motion of intervener, respondent.)

Motion by the intervener, respondent, to dismiss the petition is denied. (See *Matter of Welling* v. *Fullen,* 164 Misc. 456, affd. 252 App. Div. 856.)